# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

### DALLAS DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| | |
|---|---|
| Brandon Donya Hughes | TDCJ Coffield Unit; Tennessee Colony TX |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| vs. | 02020195 |
| | PRISONER ID NUMBER |
| | F-14-75983-S (A) |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

| | | |
|---|---|---|
| ✓ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| | Other: _____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 282nd District Court of Dallas County Texas

2. Date of judgment of conviction: 08/20/2015

3. Length of sentence: Confinement for Life

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: F-14-75983-S

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ✓ Not Guilty      Guilty      Nolo Contendere

6.  Kind of trial: (Check one)   ✓ Jury      Judge Only

7.  Did you testify at trial?   Yes   ✓ No

8.  Did you appeal the judgment of conviction?   ✓ Yes   No

9.  If you did appeal, in what appellate court did you file your direct appeal? Fifth (Dallas) Court of Appeals        Cause Number (if known): 05-15-01027-CR

    What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed

    What was the date of that decision? 01/27/2016

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: Disproportionate Sentence

    Result: PDR Refused

    Date of result: 04/16/2016        Cause Number (if known): PD-0107-16

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _____

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal?  This includes any state applications for a writ of habeas corpus that you may have filed.   ✓ Yes   No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 282nd District Court and Court of Criminal Appeals

    Nature of proceeding: Post-Conviction Habeas Corpus; Article 11.07, C.Cr.P.

    Cause number (if known): WR-87,656-01

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: 04/28/2017 and 06/12/2017

Grounds raised: Ineffective Assistance of Counsel

_____

Date of final decision: 09/28/2018

What was the decision? Relief Denied without Written Order

Name of court that issued the final decision: Court of Criminal Appeals of Texas

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
_____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?    Yes    ✓ No

   (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____
   _____

   (b)   Give the date and length of the sentence to be served in the future: _____
   _____

12. Have you filed, or do you intend to file, any petition attacking the judgment or sentence you must serve in the future?      Yes      No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?      Yes      No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?      Yes      No

16. Are you eligible for release on mandatory supervision?      Yes      No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?      Yes      No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?      Yes      No

    If your answer to Question 19 is "Yes," answer the following:

    <u>Step 1</u>  Result: _____

        Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A. **GROUND ONE:** Applicant was denied the effective assistance of counsel by trial counsel's to introduce testimony about Applicant's seizures at the guilt-innocence phase of trial.

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Prior to the incident giving rise to the instant prosecution, Applicant had an extensive history of seizures. Trial counsel was aware of this history, and had medical records in his case file demonstrating that Applicant suffered from some form of seizure disorder, at least a month prior to trial. Despite having such evidence available, trial counsel took no steps to get the evidence before the jury during the guilt-innocence phase of trial.

B. **GROUND TWO:** Applicant was denied the effective assistance of counsel by trial counsel's failure to request a "Gatekeeper" hearing regarding the State's purported expert on gangs.Duri

   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): During the punishment phase of trial, the State called Barrett Nelson, a police officer for the City of Dallas, assigned to the "gang unit." He testified regarding tattoos he had observed in photographs of Applicant, and stated that "Tattoos tell the story." While trial objected to the testimony, he did not request that the trial court conduct a "gatekeeper" hearing to determine whether Nelson's testimony was reliable, relevant, or helpful to the jury,

C. **GROUND THREE:** Trial counsel failed to provide the effective assistance of counsel by the failure introduce available evidence showing Applicant had not been in a gang for many years.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The major part of the State's argument on punishment was that Applicant should get a life sentence because he was a gang member. This was based on Nelson's testimony that Applicant was in a gang. The reality is that while Applicant had been in a gang in the much earlier, he left the gang years before the incident giving rise to the instant prosecution. Counsel should have asked about Applicant's gang involvement and would have learned this information.

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____

21. Relief sought in this petition: _____

_____
_____
_____
_____
_____
_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  Yes  ✓ No

    If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

    _____

    _____

    If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  Yes  No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?  Yes  ✓ No

    If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

    _____

    _____

    _____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  Yes  ✓ No

    If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

    _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)  At preliminary hearing: _____

    (b)  At arraignment and plea: _____

    (c)  At trial: Hank Judin (SBN 11047020) _____

    (d)  At sentencing: _____

    (e)  On appeal: Scott Walker (SB 00000018) _____

    (f)  In any post-conviction proceeding: David Schulman (17833400) and Greg Sherwood

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

    Appellate counsel, Scott Walker, now a judge on the Court of Criminal Appeals, did not even attempt to notify Applicant that his PDR had been refused for nearly four months. Although Walker's letter is dated August 2, 2016, it was sent to Applicant at a unit where he had not been for several months. It is not clear when Walker's letter received or that it was ever received. As set out in the attached memorandum, Applicant is entitled to 7 months of equitable tolling.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

/s/ David A. Schulman
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner (required)

Petitioner's current address: Coffield Unit; 2661 FM 2054; Tennessee Colony, Texas 75884-5000

_____