IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRANDON DONYA HUGHES          §
(TDCJ No. 1970234),            §
                              §
          Petitioner,          §
                              §
V.                            §          No. 3:18-cv-2741-C-BN
                              §
LORIE DAVIS, Director          §
Texas Department of Criminal Justice,  §
Correctional Institutions Division,    §
                              §
          Respondent.          §

## MEMORANDUM OPINION AND ORDER GRANTING IN PART
## MOTION TO SUPPLEMENT THE STATE COURT RECORD

In this 28 U.S.C. § 2254 habeas action now referred to the undersigned United

States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a

standing order of reference from Senior United States District Judge Sam R.

Cummings, Petitioner Brandon Donya Hughes moves, through counsel, to supplement

the state court record with a DVD containing Hughes's state trial counsel's file. *See*

Dkt. No. 15. Respondent objects to the motion in part. *See* Dkt. No. 16.

### Applicable Background

As Hughes explains in his motion,

[d]uring the evidentiary hearing [in the state habeas proceeding]
conducted on February 16, 2018, Petitioner tendered a DVD with trial
counsel's file, including [ ] medical records, for admission. Although the
State indicated it had no objection to the admission of the exhibit, and the
records contained on the exhibit were discussed at length in the hearing,
it is only recently that the undersigned learned that the court master
presiding over the hearing never admitted them into evidence.

Dkt. No. 15 at 2.

Hughes further explains that it is no longer possible to determine whether the DVD was sent to the Texas Court of Criminal Appals ("CCA"). *See id.* (Counsel "has checked with the [CCA] and has ascertained that (a) the physical records from the habeas corpus proceedings in case number WR-87,656-01 have already been destroyed. All that remains is a photograph of the DVD with Hank Judin's file and the medical records contained therein."). And the DVD itself is not included in the state court record filed on January 16, 2019. *See id.*; *see also* Dkt. Nos. 10 & 11.

Respondent explains that "the state trial court referenced some of the records [from the DVD] in its findings of fact and conclusions of law" and that, "[a]s a result, the Director does not oppose the motion to expand the record with respect to those documents on the DVD that were explicitly referenced, or relied upon, by either Nurse Lovvorn in her testimony at the state habeas hearing, or the state habeas trial court in its findings of fact" but that she "does object to the motion to expand the record to include any documents on the DVD that do not meet [these] exceptions." Dkt. No. 16 (citing 28 U.S.C. § 2254(d)(2), (e)(2); emphasis omitted).

### Legal Standards and Analysis

Where a federal court considers a habeas claim "adjudicated on the merits in state court proceedings," 28 U.S.C. § 2254, "two significant restrictions" apply, *Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per curiam).

> First, the federal court's review is limited to "the evidence presented in the state court proceeding." Second, the federal court may not grant habeas relief unless the state court's adjudication was, under § 2254(d)(1), "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,"

or, under § 2254(d)(2), "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."

*Allen*, 659 F. App'x at 799 (footnotes omitted).

In Section 2254 habeas actions, therefore, a federal court cannot expand the record on a claim adjudicated on the merits in state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). That is, because Section 2254 "requires an examination of the state-court decision at the time it was made," the Supreme Court of the United States has held that "the record under review is limited to the record in existence at that same time i.e., the record before the state court." *Id.* at 182; *see also Blue v. Thaler*, 665 F.3d 647, 655-56 (5th Cir. 2011) ("[T]he Supreme Court [held in *Pinholster*] "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." The same rule necessarily applies to a federal court's review of purely factual determinations under § 2254(d)(2), as all nine Justices acknowledged" in *Pinholster*. (footnotes omitted)).

Relatedly, "§ 2254(d)(1) bars a district court from conducting [ ] an evidentiary hearing" when the Court is adjudicating claims in a habeas petition under that provision. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir. 2011) (finding that a district court erred by relying on evidence obtained from a hearing conducted under 28 U.S.C. § 2254(e)(2) "to conclude that the state habeas court had unreasonably applied *Strickland*" and that the petitioner must instead "overcome the limitation of § 2254(d)(1) on the record that was before the state court'" (quoting *Pinholster*, 563 U.S. at 185)); *see also Gallow v. Cooper*, 505 F. App'x 285, 295-96 (5th Cir. 2012) (per

curiam) ("*Pinholster* dictates that evidence presented for the first time on federal habeas review may not be considered under § 2254(e)(2) for claims denied pursuant to § 2254(d)(1). Similarly, the language of § 2254(d)(2) limits review to the 'evidence presented in the State court proceeding.'" (footnote omitted)); *cf. Smith v. Cain*, 708 F.3d 628, 634-35 (5th Cir. 2013) ("We hold that *Pinholster*'s restriction does not bar the federal evidentiary hearing conducted in this case because the district court first concluded, solely on the basis of the state court record, that the state courts committed legal error, as required under 28 U.S.C. § 2254(d)(1), through the state courts's 'unreasonable application of, clearly established Federal law.' Thus, the evidentiary hearing was committed to the district court's discretion, subject to section 2254(e)(2).").

In sum, under Sections 2254(d) and 2254(e)(2) and *Pinholster*, records on the DVD "not presented in state court" – those records not explicitly referenced or relied upon in testimony at the state habeas hearing or in the state habeas court's findings of fact – are "not properly presented for ... consideration on [federal] habeas review." *Shore v. Davis*, 845 F.3d 627, 632 (5th Cir. 2017) (per curiam) (citations omitted).

## Conclusion

The Court therefore GRANTS Petitioner Brandon Donya Hughes's motion to supplement the state court record in part, to the extent and for the reasons explained in this memorandum opinion and order.

SO ORDERED.

DATED: August 27, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE